| | |
|---|---|
| Kristin K. Mayes<br>Attorney General<br>Firm State Bar No. 14000<br>Bradley J. Stevens<br>Assistant Attorney General<br>AZ Bar No. 006723<br>Office of the Attorney General<br>2005 North Central Avenue<br>Phoenix, Arizona 85004-1592<br>Telephone: (602) 542-8389<br>Facsimile: (602) 542-4273<br>Email: Bradley.Stevens@azag.gov<br>Attorneys for the State of Arizona<br>*ex rel*. Arizona Department of Revenue | |

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Ronald Stephen Owens,<br>SSN: XXX-XX-6688<br><br>Elizabeth Ann Naylor,<br>SSN: XXX-XX-3273<br><br>                Debtors. | Chapter 13<br><br>Case No. 2:25-bk-07596-PS<br><br>**OBJECTION TO CONFIRMATION OF ORIGINAL CHAPTER 13 PLAN**<br><br>Docket No. 2 |

The State of Arizona *ex rel.* Arizona Department of Revenue (the "**Department**") objects to the *Original Chapter 13 Plan* (the "**Plan**") filed by Ronald S. Owens and Elizabeth A. Naylor (the "**Debtors**") on August 4, 2025 as follows:

1. The Department is the agency empowered and entitled to enforce Arizona tax laws and regulations, including but not limited to individual income taxes, transaction privilege taxes ("**TPT**") and withholding taxes ("**WTH**"). A.R.S. §§ 43-208; 42-1004 *et seq*.; 43-101 *et seq*.

BCE25-02420

2. The Debtors are individuals residing in the State of Arizona and upon information and belief are required to file and pay certain tax liabilities to the Department, including individual income taxes. *See* A.R.S. §§ 43-301, 43-501.

3. Additionally, the Debtors own or owned a limited liability company known as Good Luck Shop, LLC and is doing or did business as Good Luck Shop, LLC (the "**Debtors' Business**"). Upon information and belief, the Debtors' Business is or was required to file and pay certain tax liabilities to the Department, including TPT taxes. Failure of the Debtors to remit to the Department monies collected for TPT taxes may create responsible party penalties being assessed against the Debtors personally pursuant to A.R.S. § 42-5028.

4. The Department filed a proof of claim establishing a secured claim in the amount of $0.00, a priority claim in the amount of $4,364.00, and a non-priority unsecured claim in the amount of $0.00. A true and accurate copy of the Department's Original Proof of Claim (the "**Claim**") dated August 19, 2025 is No. 1-1 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtors are not current with the filing of all prepetition tax returns. As of today, the following returns remain unfiled (the "**Outstanding Returns**"):

| Income | 2023 through 2024 |
|---|---|
| TPT | 4th quarter 2024 and $1^{st} – 2^{nd}$ quarter 2025 |
| WTH | *Not Applicable* |

5. As indicated in the Department's Claim, the Debtors have failed to file all tax returns as required by 11 U.S.C. § 1308. Failure of the Debtors to file the Outstanding Returns constitutes cause to convert or dismiss the case. *See* 11 U.S.C. § 1307(e), Local Rule of Bankruptcy Procedure 2084-5. Moreover, the Plan cannot be confirmed until such time that the Debtors file

2

the Outstanding Returns. 11 U.S.C. § 1325(a)(9). Signed, dated, and non-redacted copies of the returns with all federal form W-2s and Federal Schedule A, as applicable, may be sent to Elissa.Ruiz@azag.gov, which the Department will accept as filed on the date that complete return(s) are received by the Attorney General's Office.

6. The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1).

7. The Department's Claim consists of liabilities that were either: (1) filed late and within two years of the current bankruptcy; or (2) may be filed after the commencement of this bankruptcy. These obligations are non-dischargeable under the "Two Year Rule" and the Department requests that language is included within an order of confirmation to clarify as such. 11 U.S.C. §§ 523(a)(1)(B)(ii), 1328(a)(2), 1322(b)(11), *In re Savaria*, 317 B.R. 395 (B.A.P. 9th Cir. 2004). The Department suggests the following:

> To the extent that the Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Debtors' Plan or through direct payments outside of the Plan, the unpaid balance along with post-petition and post-confirmation interest shall **not** be discharged in accordance with 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328(a).

8. Upon the filing of the petition for relief, the Debtors became debtors in possession and are acting as a trustee with limited powers. 11 U.S.C. §§1303, 1304. *See also In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000); *In re Cohen*, 305 B.R. 886, 897 (B.A.P. 9th Cir. 2004). As such, the Debtors are required to "manage and operate property in [their] possession"

3

"according to the laws to the state in which property is located." 28 U.S.C. §§959(b) and 960. The Debtors are members of the Debtors' Business Good Luck Shop, LLC, which under Arizona law has a duty and a requirement to prepare and timely file TPT returns showing the amount that the Debtors' Business is liable for and to timely remit all amounts owed to the Department. A.R.S. §§42-5014(G), 43-401. Therefore, pursuant to 28 U.S.C. §§959(b) and 960, the Debtors also have this duty and requirement while in bankruptcy. However, the Debtors have not complied with the requirements of 28 U.S.C. §§959(b) and 960 and their duties as debtors in possession by failing to timely file all post-petition TPT returns and pay all amounts owed associated with the Debtors' Business. Therefore, the Plan cannot be confirmed until the Debtors have remedied the post-petition defaults. 11 U.S.C. §1325(a)(1).

9. The Department does not waive its right to a confirmation hearing under 11 U.S.C. § 1324(b) and reserves the right to amend, supplement, or withdraw its Objection to Confirmation.

## Conclusion

In order to confirm the Plan, the Debtors must address and remedy the objections specified herein in order to comply with the Bankruptcy Code. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325 and other provisions of the Bankruptcy Code as stated herein, the Plan cannot be confirmed.

## **REQUEST FOR RELIEF**

**WHEREFORE**, the Department prays as follows:

1. That the Court deny confirmation of the proposed Plan, or in the alternative, that the Debtors are ordered to amend or modify the Plan to remedy the Department's objections

4

herein;

2. That the failure of the Debtors to amend or modify the Plan to remedy the Department's objections herein and conform the Plan with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

3. For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 20th day of October, 2025.

                    KRISTIN K. MAYES
                    Attorney General

                    _____
                    /s/ Bradley J. Stevens
                    Assistant Attorney General
                    Attorney for the State of Arizona
                    *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 20th day of October, 2025 with the United States Bankruptcy Court District of Arizona

COPY of the foregoing sent by email* this 20th day of October, 2025 to:

Mark R. Atchley*
Atchley Law Firm, PLC
7255 E. Hampton Avenue, Suite 127 Mesa, AZ 85209
mark@arizonabk.com
*Attorney for the Debtors*

Edward J. Maney*
101 N. First Avenue, Suite 1775 Phoenix, AZ 85003
service@maney13trustee.com
*Chapter 13 Trustee*

_____
/s/ Elissa Ruiz