Josephine E. Salmon (SBN 020630)
jsalmon@aldridgepite.com
Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South
Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Creditor*
Alliant Credit Union

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA -

| | |
|---|---|
| In re<br><br>ELIZABETH ANN NAYLOR AND RONALD STEPHEN OWENS,<br><br>Debtor. | Chapter 13<br><br>Case No. 25-BK-07596-PS<br><br>**STIPULATION RE: VALUATION OF COLLATERAL** |

This Stipulation Re: Valuation of collateral entered into by and between Elizabeth Ann Naylor and Ronald Stephen Owens, ("Debtor(s)"), by and through their attorneys of record, Mark R. Atchley; and Alliant Credit Union, ("Creditor"), by and through its attorney of record Aldridge Pite, LLP based on the following:

## RECITALS

A.  Creditor's claim is evidenced by Credit Agreement and Truth in Lending Disclosure executed in favor of Georgia's Own Credit Union ("Lender") dated May 3, 2024, in the original principal amount of $199,800.00 ("Agreement"). The Agreement is secured by a deed of trust (the "Deed of Trust[1]") encumbering the real property commonly known as 11440 N 69Th St, Scottsdale,

---
[1] The Note and Deed of Trust are collectively referred to herein as the "Loan " or "Claim".

- 1 -
**STIPULATION RE: AVOIDANCE OF LIEN**

AZ 85254 ("Subject Property").

B. Subsequently, Creditor acquired Lender's interest in the Subject Loan.

C. On August 14, 2025, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona, which was assigned Case No. 25-BK-07596-PS.

D. On August 14, 2025, Debtors filed their Chapter 13 Plan (the "Plan"). The Plan provides for Creditor's Claim in section C. (5) (c) Lien Avoidance, and seeks to reduce the Claim to $0.00 based on the value of the Property.

E. Creditor anticipates filing a its Proof of Claim with an estimated total outstanding balance in the amount of $204,548.14, and an estimated pre-petition arrearage claim of $2,452.81.

**THE PARTIES HEREBY STIPULATE AND AGREE TO JUDGMENT AS FOLLOWS:**

1) For purposes of the Chapter 13 Plan, the Property is valued at $1,450,000.00. Creditor's claim shall be treated as unsecured for the purposes of the Plaintiffs' Chapter 13 Plan and shall be allowed as a non-priority general unsecured claim.

2) The avoidance of Defendant's Second Deed of Trust is contingent upon completion of a Chapter 13 plan and Debtors' receipt of a Chapter 13 discharge.

3) Upon completion of a Chapter 13 Plan and receipt of the Debtors' Chapter 13 discharge, Debtors shall give written notice to the authorized loan servicer at the time of discharge requesting that the loan servicer record a Reconveyance of Deed of Trust with the appropriate county recorder's office. Upon receipt of written notice, the authorized loan servicer shall record a Reconveyance of Deed of Trust within a reasonable amount of time.

4) Creditor shall retain its lien for the full amount due under the Loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

6) In the event that the holder of the first lien on the Property forecloses on its security interest and extinguishes Creditor's Deed of Trust prior to the Debtors' completion of a Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Loan balance at the time of the sale.

/./././

7) In the event that the Debtors sell or refinance the Property prior to the Debtors' completion of a Chapter 13 Plan and receipt of a discharge, Creditor will retain its lien for the full amount of the Loan balance at the time of the sale and/or refinance.

8) In the event that the Property is destroyed or damaged, Creditor shall be entitled to its full rights as a loss payee with respect to the insurance proceeds and will retain its security interest in such proceeds up to the entire balance due on its Promissory Note pursuant to its Deed of Trust.

9) The terms of this Stipulation may not be modified, altered, or changed by the Debtors' Chapter 13 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 13 Plan of Reorganization and confirmation order thereon without the express written consent of Creditor. The terms of this Stipulation shall be incorporated into the Debtors' Plan and/or any subsequently filed Amended Chapter 13 Plan.

**IT IS SO STIPULATED:**

Dated: 10/13/25    By: /s/ Mark R. Atchley
                       MARK R. ATCHLEY
                       Attorney for Debtors Elizabeth Ann Naylor and
                       Ronald Stephen Owens

**ALDRIDGE PITE, LLP**

Dated: 10/28/2025   By: /S/ Josephine E. Salmon
                        JOSEPHINE E. SALMON
                        Attorney for Creditor

- 3 -
**STIPULATION RE: AVOIDANCE OF LIEN**