Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ELIZABETH ANN NAYLOR,<br><br>and<br><br>RONALD STEPHEN OWENS, | In Proceedings Under Chapter 13<br><br>Case No. 2:25-bk-07596-PS<br><br>TRUSTEE EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: CHAPTER 13 PLAN<br>      docket #11    filed August 15, 2025 |

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.

**Specific Recommendations:**

1. The Arizona Department of Revenue has filed an Objection to the Plan. The Trustee requires the Objection to be resolved prior to confirmation of the Plan.

2. The proofs of claim filed by U.S. Bank/Select Portfolio (mortgage arrears – claim #20, filed October 3, 2025) and Alliant Credit Union/Cenlar (mortgage claim #22, filed October 10, 2025) differ by classification and/or amount from these creditors' treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the proof of claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim including payment of the contract rate of interest; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the proof of claim.

3. The Arizona Department of Revenue's proof of claim [#1] dated August 19, 2025 indicates the Debtors have not filed income tax return for 2023, 2024 and unfiled TPT returns for 12-2024, 3-2025 & 6-2025. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

4. The Trustee requires the debtors supply a copy of statements that reveals the balance on hand in all five (5) financial/bank accounts on the date of the filing of the case.

5. Plan payments are currently delinquent $31,200 with a payment of $15,600 coming due December 12, 2025.

6. The Trustee will disburse the mortgage conduit payments beginning September 1, 2025 to Select Portfolio. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that has become due, the Trustee will pay the conduit payment on the next disbursement date when the debtor's case has sufficient funds to pay a full conduit payment. If the Trustee receives a Notice of Payment Change filed by the creditor, the Trustee will adjust the plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an order of the Court or a modification of the plan. See L.R.B.P. 2084-4. If Mortgage Servicer files any post-confirmation Notice of Post-Petition Fees, the Debtor(s) will provide the Trustee with an *Amended* Stipulated Order Confirming directing the Trustee to pay the additional fees, and increasing the plan base in an amount sufficient to cover both the additional fees as well as Trustee's fee, within 30 days of the Notice of Post-Petition Fees.

7. The Trustee requires a **completed** and **signed** copy of Debtor(s) 2024 State and Federal tax returns, W-2's and 1099's. The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income. In that case, unless the plan is confirmed at 100% repayment to all creditors the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds 2025, 2026, 2027, 2028 and 2029 of the Plan as supplemental Plan payments.

8. The Trustee requires the debtors prove plan payment feasibility as their budget Schedules I and J reveal disposable income of only $14,443 per month when plan payments are $15,600.

9. The Trustee notes that fees requested in the amount of $8,000 is in excess of the customary rate charged for Chapter 13 Debtor representation in this District. **Because the total fees requested exceed $4,500, counsel must file a separate application for approval of the fees requested.** The application for fees must state the date the service was provided; detail the service provided; the person doing the work; the time expended in doing that service and the billing rate for each person listed in the fee application.

10. The Trustee requires the debtors provide documented proof that their ownership of Quartet Farms, LLC; Nobody Told Me, LLC and LizMax Investments, LLC all have $0 value considering equipment, inventory and accounts receivable.

11. The Trustee notes the Debtors' Schedule B indicates they own multiple horses, yet list no tack or trailers. In addition, the Debtors do not indicate on any Schedules that they own a vehicle. The Trustee requires an explanation.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any***. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $8,716 or an estimated 1% of unsecured claims, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors scheduled $300 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #3, #4, #5, #7, #8, #10, #11 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

                EDWARD J. MANEY,
                CHAPTER 13 TRUSTEE

By: _____
     Edward J. Maney ABN 12256
     CHAPTER 13 TRUSTEE
     101 North First Ave., Suite 1775
     Phoenix, Arizona 85003
     (602) 277-3776
     ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Elizabeth Naylor
Ronald Owens
11440 North 69th Street
Scottsdale, Arizona 85254
Debtors

Mark R. Atchley, Esq.
7255 E. Hampton Ave.
Suite #127
Mesa, Arizona 85209
Debtors' counsel

By:_____
    Trustee's Clerk